# United States District Court

## NORTHERN DISTRICT OF IOWA

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| KENT MICHAEL HELSETH | Case Number: CR06-3012-001-MWB |
| | USM Number: 03269-029 |
| | **Priscilla Forsyth** |
| | Defendant's Attorney |

**THE DEFENDANT:**

■ pleaded guilty to count(s)  **1 of the Indictment**

☐ pleaded nolo contendere to count(s) _____
  which was accepted by the court.

☐ was found guilty on count(s) _____
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1341 | Mail Fraud | 07/30/2003 | 1 |

The defendant is sentenced as provided in pages 2 through __8__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

■ Counts **remaining against the defendant in CR06-3012-001-MWB** are dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material change in economic circumstances.

March 8, 2007
Date of Imposition of Judgment

*/s/ Mark W. Bennett*
Signature of Judicial Officer

**Mark W. Bennett**
**U.S. District Court Judge**
Name and Title of Judicial Officer

3/09/07
Date

AO 245B    (Rev. 06/05) Judgment in Criminal Case
        Sheet 2 — Imprisonment

Judgment — Page  2  of  8

DEFENDANT: **KENT MICHAEL HELSETH**
CASE NUMBER: **CR06-3012-001-MWB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **46 months on Count 1 of the Indictment**.

■ The court makes the following recommendations to the Bureau of Prisons:
**It is recommended that he be designated to Yankton, South Dakota.**

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

   ☐ as notified by the United States Marshal.

■ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ■ before 2 p.m. on **April 19, 2007** .

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: **KENT MICHAEL HELSETH**
CASE NUMBER: **CR06-3012-001-MWB**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **3 years on Count 1 of the Indictment**.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ■ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ■ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- ■ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: **KENT MICHAEL HELSETH**
CASE NUMBER: **CR06-3012-001-MWB**

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall pay any financial penalty that is imposed by this judgment.

2. The defendant shall provide the probation officer with access to any requested financial information.

3. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless you are in compliance with the installment payment schedule.

DEFENDANT:        KENT MICHAEL HELSETH
CASE NUMBER:      CR06-3012-001-MWB

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100(paid) | $ 0 | $ 383,244.26 ($107,557.98 credit) |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

■ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Milt Anderson |  | 1898.98 |  |
| Tommie Arnold |  | 9849.04 |  |
| Jim Arthur |  | 1099.00 |  |
| Robert Basso |  | 3083.00 |  |
| Roger Beckman |  | 1248.00 |  |
| Greg Berry |  | 2698.00 |  |
| Charles Betz |  | 2826.65 |  |
| Thomas Bowe |  | 2499.00 |  |
| Carl Brill |  | 1439.00 |  |
| Glenn Brown |  | 2947.00 |  |
| Paul Burke |  | 799.00 |  |
| Chris Bury |  | 2098.97 |  |
| Charles & Linda Butcher |  | 2898.00 |  |
| Anthony Confalone |  | 4096.00 |  |

➤➤➤ *Additional Restitution Payees continued on the following three pages* ➤➤➤

**TOTALS**    $ _____    $ 275,686.28 _____

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

■ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

  ■ the interest requirement is waived for the   ☐ fine   ■ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: KENT MICHAEL HELSETH
CASE NUMBER: CR06-3012-001-MWB

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Tim Cornell | | 1418.99 | |
| Tom Cozy | | 2702.00 | |
| Anthony Damon | | 3894.00 | |
| Joshua Davidson | | 1702.98 | |
| Willard Davis | | 1486.99 | |
| Mark Derocco | | 2515.00 | |
| Donald Dingus | | 2834.97 | |
| Bob Dobos | | 2100.00 | |
| Randy Dombrowski | | 3434.97 | |
| Rich Donnelly | | 5098.00 | |
| Brad Dunn | | 4896.00 | |
| Wayne Dwyre | | 2865.00 | |
| Jim Eck | | 3883.00 | |
| Steve Eppler | | 1905.98 | |
| Matt Farr | | 2278.98 | |
| Kevin Fisher | | 2648.00 | |
| Allen Gage | | 2756.98 | |
| Dan Gelacek | | 2087.00 | |
| Jim Gibson | | 6593.00 | |
| Robert Gibson | | 2816.99 | |
| Russ Guffus | | 2721.99 | |
| Duane Gonzalez | | 2399.99 | |
| Lennis Gracie | | 1120.59 | |
| James Griffin | | 3945.99 | |
| Marty Grubowski | | 10637.95 | |
| Jack Harrity | | 1686.98 | |
| Joshua Hartings | | 3098.00 | |
| Dale Healy | | 2299.00 | |
| Gary Hinkle | | 2646.00 | |
| Jim Hotaling | | 1393.98 | |
| Jeffrey Hundt | | 1498.00 | |
| Jerry Ison | | 1500.00 | |
| Stuart Jackson | | 1000.00 | |
| Jack Jaroneski | | 2873.00 | |
| David Karpik | | 2777.00 | |
| Kary Karvelis-Marx | | 3533.97 | |
| Andy Kehl | | 2228.00 | |
| Kris Kilby | | 1299.00 | |
| Christopher Kirk | | 1699.00 | |
| Kent Klawon | | 839.00 | |
| Bob Kleer | | 799.00 | |
| Edward Laney | | 5700.00 | |
| Benjamin Lear | | 998.00 | |

* Findings for the total amount of losses are required by Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 5C — Criminal Monetary Penalties                                    (NOTE: Identify Changes with Asterisks (*))

                                                                        Judgment — Page   7   of   8

DEFENDANT:     KENT MICHAEL HELSETH
CASE NUMBER:   CR06-3012-001-MWB

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Rodric Lenhart | | 1437.98 | |
| Nat Marando | | 1598.00 | |
| Ron Maurer | | 9281.92 | |
| Rick Mikolajczyk | | 3994.00 | |
| Thomas Miller | | 96.00 | |
| Mike Moeller | | 2654.00 | |
| Roger Monday | | 1675.99 | |
| George Morchak | | 3097.00 | |
| Dale Nelson | | 5575.00 | |
| Mike Nichols | | 2310.65 | |
| David Niethe | | 2773.00 | |
| John Pateras | | 2955.00 | |
| Lynn Payne | | 2097.00 | |
| Jeff Perkins | | 1100.00 | |
| Don Pesta | | 2397.97 | |
| Kip Pierson | | 1697.00 | |
| Donald Podlak | | 1377.98 | |
| John Purdy | | 3995.99 | |
| Nichlas Pyrputniewicz | | 699.00 | |
| Ronald Ratliff | | 1699.00 | |
| Christopher Reed | | 2198.00 | |
| Ron Rodick | | 1699.00 | |
| Walt Saroka | | 1840.00 | |
| Richard Savoca | | 2622.99 | |
| Jarrod Sergent | | 1400.00 | |
| Sherman Shirley | | 1999.00 | |
| Charles Slocum (deceased) | | 1616.99 | |
| Leland Smerdel | | 4934.98 | |
| Jeremiah Snyder | | 4250.00 | |
| Joseph Supina | | 1118.99 | |
| Troy Trimble | | 2459.98 | |
| Aaron Trimmer | | 3211.65 | |
| Chad Upshaw | | 3717.99 | |
| Benjamin Warner | | 2436.00 | |
| Matt Warners | | 2627.99 | |
| Robert White | | 4245.00 | |
| Michael Whitney | | 1908.00 | |
| John Winkle | | 2700.00 | |
| Jim Wintz | | 5198.35 | |
| Ray Wojdacki | | 3445.00 | |
| Eli Wright | | 2597.00 | |
| Ed Yates | | 5216.00 | |
| Carl Yurisic | | 1437.98 | |
| American Mutual Insurance | | 200.00 | |

* Findings for the total amount of losses are required by Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: **KENT MICHAEL HELSETH**
CASE NUMBER: **CR06-3012-001-MWB**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

☐ not later than _____ , or
☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ■ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ■ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ■ Special instructions regarding the payment of criminal monetary penalties:

It is ordered the defendant make restitution in the amount of $383,244.26. Of this amount, the defendant shall be credited $107,557.98 for refunds already paid. This results in an outstanding restitution obligation of $275,686.28. The Court finds that the defendant does not have the ability to make a lump sum payment and, therefore, payments shall be made to the United States Clerk of Court for the Northern District of Iowa for distribution to the victims. While incarcerated, the defendant shall make monthly payments in accordance with the Bureau of Prison's Financial Responsibility Program. The amount of the monthly payments shall not exceed 50% of the funds available to him through institution or non-institution (community) resources and shall not be less than $25 per quarter. If the defendant still owe any portion of restitution at the time of his release from imprisonment, he shall pay it as a condition of supervision and the U.S. Probation Officer shall pursue collection of the amount due, and shall request the Court to establish a payment schedule if appropriate. The defendant shall also notify the United States Attorney within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

It is further ordered that the Cerro Gordo County, Iowa, Sheriff's Department release to the United States Clerk of Court for the Northern District of Iowa $18,435.50 in funds derived from the sale of the defendant's forfeited items. This amount is to be applied toward the restitution order.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.